# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2025

Lyle W. Cayce
Clerk

No. 24-50978

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO RUIZ-ROMAN,

*Defendant—Appellant*,

CONSOLIDATED WITH

————————

No. 24-50979

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO CABRERA RUIZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 2:23-CR-416-1,

2:23-CR-2652-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Roberto Ruiz-Roman, also known as Roberto Cabrera Ruiz, pleaded guilty to illegal reentry and was sentenced to 40 months in prison and three years of supervised release. His guilty plea also triggered the revocation of his supervised release from a previous conviction—likewise for illegal reentry. For that violation, the district court imposed a consecutive twelve-month sentence. On appeal, Ruiz-Roman contends that both sentences are substantively unreasonable.

We review sentences for abuse of discretion. *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 863 (5th Cir. 2022). Our assessment of a sentence's substantive reasonableness is guided by the statutory sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Sansbury*, 66 F.4th 612, 614 (5th Cir. 2023).

We begin with Ruiz-Roman's 40-month sentence for illegal reentry, which varied upward from the Guidelines range of 24–30 months. A non-Guidelines sentence like Ruiz-Roman's "unreasonably fails to reflect the sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Here, the record shows that the district court carefully considered the facts and arguments in mitigation and concluded that a within-Guidelines sentence would not satisfy the statutory objectives of § 3553(a). The court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

imposed a 40-month sentence based on Ruiz-Roman's significantly underrepresented criminal history—spanning decades, multiple states, and repeated serious offenses and deportations. Ruiz-Roman has not shown that the district court failed to "account for a factor that should have received significant weight" or gave "significant weight to an irrelevant or improper factor," or that the sentence "represents a clear error of judgment in balancing the sentencing factors." *Id.*

As for the revocation of supervised release, the district court imposed a top-of-Guidelines sentence of 12 months (to run consecutively with the illegal-reentry sentence). Because Ruiz-Roman did not preserve this challenge, we review for plain error. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). His revocation sentence falls within the Guidelines' advisory range and thus carries a presumption of reasonableness, which Ruiz-Roman has not rebutted. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (per curiam). Accordingly, Ruiz-Roman has not shown that his revocation sentence was substantively unreasonable.

AFFIRMED.